[Civ. No. 2410.  First Appellate District.—May 16, 1918.]

## M. DAVIDSON, Appellant, v. M. RAFAEL et al., Defendants; C. RAFAEL, Respondent.

ACTION ON PROMISSORY NOTE—INTEREST—RATE IN EXCESS OF LIMITATION OF PERSONAL PROPERTY BROKER'S ACT—WHEN ALLOWABLE.— In an action on a promissory note bearing interest at the rate of five per cent per month, interest is to be calculated at such rate in the judgment, where the note is unsecured and no showing made that the plaintiff was a personal property broker.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

William G. Weiss, for Appellant.

M. H. Wascerwitz, for Respondent.

THE COURT.—The plaintiff brought suit upon a promissory note executed by the defendants, husband and wife, bearing interest at the rate of five per cent per month.  Defendant C. Rafael filed her answer, in which she set up the defenses of payment, want of consideration, and false pretenses used in obtaining her signature to the obligation.  The court found all these issues in favor of the plaintiff, but also found that the contract to pay interest at the rate of five per cent per month was unreasonable, unconscionable, and usurious.  Accordingly, in arriving at the amount due to the plaintiff the court allowed interest on the principal of the note at the rate of two per cent per month from the time interest was payable; and it appearing that the defendant had paid, during a period of about two years, interest at the higher rate, the court credited three-fifths of the sum thus paid as interest, namely, three per cent per month, on the principal of the note, and entered judgment for the plaintiff for the balance.

The note in suit being unsecured, and there having been no showing in the court below that the plaintiff was a personal property broker, and therefore subject to the provisions of the act limiting the interest allowed to be charged by such brokers to two per cent per month, it is urged by the appellant that the

method of calculation adopted by the trial court was incorrect; that the parties having agreed upon the rate of interest, it should have been allowed in accordance with the terms of the agreement until the entry of judgment. (Civ. Code, sec. 1918.) Counsel for the respondent, while pointing out that the interest already paid by his client amounts to a sum greater than the principal of the note plus seven per cent interest per annum, concedes that legally the plaintiff was entitled to his pound of flesh and confesses error. Accordingly, it is ordered that the judgment be reversed and the cause remanded for a new trial.